UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RICHARD RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-00843 |
| | ) | Judge Aleta A. Trauger |
| DUNLAP & KYLE TIRE CO., INC. | ) | |
| (TENNESSEE) and | ) | |
| DUNLAP & KYLE TIRE CO., INC. | ) | |
| (MISSISSIPPI), | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Pending before the court is a Motion to Dismiss and Compel Arbitration or, in the Alternative, to Stay Proceedings and Compel Arbitration (Docket No. 7) filed by the defendants, Dunlap & Kyle Tire Co., Inc. (Tennessee) and Dunlap & Kyle Tire Co., Inc. (Mississippi) (collectively, "Dunlap"), to which the plaintiff, Richard Russell, has filed a Response in opposition (Docket No. 10), and Dunlap has filed a Reply (Docket No. 11). For the reasons discussed herein, Dunlap's motion will be granted and the case will be dismissed.

## FACTS & PROCEDURAL HISTORY

From 1994 to 2016, Russell was employed by Dunlap's Nashville plant. In 2001, Russell was promoted to the management team and, in 2011, he became Operations Manager for the plant. Russell alleges that, in 2016, he was constructively discharged by being demoted to a sales role, despite having no sales experience, and relocated to the plant's warehouse, where he was forced to work in close proximity to the person who replaced him as Operations Manager. Russell alleges that his constructive discharge, in conjunction with racist comments and

1

behaviors condoned by his supervisor, constituted racial discrimination in violation of 42 U.S.C. § 2000e and the Tennessee Human Rights Act, T.C.A. § 4-21-401.

In October 2011, Dunlap introduced an alternative dispute resolution program for its employees. As part of this program, Dunlap distributed to employees an Employee Handbook and an Arbitration Agreement. The Employee Handbook details various policies and procedures related to reporting workplace issues such as harassment, violence, and safety concerns. The Employee Handbook also states that the Arbitration Agreement is a separate agreement regarding a separate policy: "Of course, we have instituted a separate Arbitration policy, which is embodied in **the separate Arbitration Agreement** entered into by the Company and yourself. The remedies provided by the Arbitration agreement are in addition to those stated in this handbook. Please refer to the Arbitration Agreement for further details." (emphasis added). Upon reading the Employee Handbook, employees were required to sign an Acknowledgment and Consent form. That form states:

> "I understand that the handbook is not a contract of employment, express or implied, and does not create binding obligations on the Company. I also understand that the Company has the right, at any time, and for any reason, to make changes in all employment policies, instructions, and procedures with or without notice, and with retroactive effect, except the At-Will Employment Policy and **the separate Arbitration Agreement** entered into with all employees. I further understand . . . that the Company may take any action concerning my employment, including termination of my employment, with or without cause, without notice, and without further obligation to me, except as provided by law and **the separate Arbitration Agreement**." (emphasis added).

The form concludes with the following reaffirmation: "I further agree to abide by the Arbitration Agreement entered into with respect to arbitration of all employment related disputes referenced therein." The Arbitration Agreement requires that any dispute arising out of employment at Dunlap be resolved via binding arbitration. Both Dunlap and employees are mutually bound by

the Arbitration Agreement, which states: "The parties hereto acknowledge that, by entering into this Agreement, they are waiving their rights to a judicial forum and a jury trial for the determination of any covered Claims or disputes." Russell signed both the Arbitration Agreement and the Acknowledgement and Consent form on October 25, 2011.

## LEGAL STANDARD

The question of whether the plaintiff's claim must be arbitrated is governed by the Federal Arbitration Act ("FAA"). The FAA provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2. There is a strong presumption in favor of arbitration under the FAA. *Morrison v. Circuit City Stores, Inc*., 317 F.3d 646, 652–53 (6th Cir. 2003). The FAA sets up a presumption in favor of arbitration and requires courts to rigorously enforce agreements to arbitrate. *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985).

Although district courts within the Sixth Circuit are split as to whether a motion to dismiss based on an arbitration agreement should be brought under Rule 12(b)(1) or Rule 12(b)(6) and the Sixth Circuit has not resolved this inconsistency, the Sixth Circuit *has* been clear that, to avoid compelled arbitration, a party must show that there is a genuine issue of material fact as to the validity or applicability of the agreement to arbitrate. *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). The required showing mirrors that required to withstand summary judgment in a civil action. *Id.*

## ANALYSIS

The Arbitration Agreement is a valid contract and is thus enforceable under the FAA. Russell argues that the Arbitration Agreement is not a contract because it is part of the Employee Handbook, which is not legally binding, due to the following sentence in the Acknowledgment

3

and Consent form: "I understand that the handbook is not a contract of employment, express or implied, and does not create binding obligations on the Company." This argument is unavailing. The Employee Handbook makes clear that the Arbitration Agreement is a separate agreement from the Employee Handbook. The Acknowledgment and Consent form makes clear that the Arbitration Agreement is an agreement separate and apart from the Employee Handbook. Both the Employee Handbook and the Acknowledgment and Consent form specifically refer to the Arbitration Agreement as "the *separate* Arbitration Agreement." Further, the Acknowledgment and Consent form notes that the Arbitration Agreement, unlike the Employee Handbook, creates legal obligations that are binding on both Dunlap and its employees: "The parties hereto acknowledge that, by entering into this Agreement, they are waiving their rights to a judicial forum and a jury trial for the determination of any covered Claims or disputes." Although Russell is correct that the Arbitration Agreement does not contain the word "contract," it was presented separately from the Acknowledgement and Consent form as a stand-alone document and required a separate signature from the Acknowledgment and Consent form.

Russell relies on *Stanich v. Hissong Group, Inc.*, 2010 WL 3732129 (S.D. Ohio Sept. 20, 2010)—a case not binding on this court that dealt with an unenforceable arbitration agreement—to support his contention that the Arbitration Agreement in this case is likewise unenforceable. The dispute addressed in *Stanich*, however, is clearly distinguishable, in that the arbitration agreement in question 1) was added to an employee handbook only after the handbook had been signed by the employee; 2) was not a standalone agreement requiring a separate signature, and; 3) did not create binding legal obligations on both parties because it could be modified unilaterally by the employer. The Arbitration Agreement here, to the contrary, is a separate document that creates binding legal obligations on both Dunlap and Russell and was signed by

4

Russell simultaneous to his signing of the Employee Handbook's Acknowledgment and Consent form. Therefore, the Arbitration Agreement is a valid contract and governs this case pursuant to the FAA. Russell does not request a stay pending the results of arbitration, and his claims are dismissed in favor of arbitration.

## **CONCLUSION**

For the foregoing reasons, the defendants' Motion is **GRANTED**, and Russell's claims are dismissed. The court **ORDERS** that the parties arbitrate pursuant to the valid Arbitration Agreement.

Enter this 29th day of August 2017.

 _____
 ALETA A. TRAUGER
 United States District Judge